1              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF NEW YORK
2

3     ------------------------------X
                                    :
4     UNITED STATES OF AMERICA      :  10-CR-147 (SLT)
                                    :
5              v.                   :
                                    :  March 12, 2010
6     BOMBINO, et al.,              :  Brooklyn, New York
                                    :
7              Defendants.   :
      ------------------------------X
8

9         TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
            BEFORE THE HONORABLE JAMES ORENSTEIN
10              UNITED STATES MAGISTRATE JUDGE

11
      APPEARANCES:
12

13    For the Government:        United States Attorney's Office
                                 BY:  AMY BUSA, ESQ.
14                                    MICHAEL TREMONTE, ESQ.
                                 Assistant United States Attorneys
15                               271 Cadman Plaza East
                                 Brooklyn, New York  11201
16

17    For Defendants:            JEAN GRAZIANO, ESQ.
       Dimichele and             8212 Third Avenue
18     Garofalo                  Brooklyn, New York  11209

19

20    Court Transcriber:         CARLA NUTTER
                                 TypeWrite Word Processing Service
21                               211 N. Milton Road
                                 Saratoga Springs, New York  12866
22

23

24

25


      Proceedings recorded by electronic sound recording,
      transcript produced by transcription service

2

1          THE CLERK:  Criminal Cause for Arraignment, 10-CR-

2   147, <u>United States v. Alicia Dimichele and Edward Garofalo.</u>

3          Counsel, your names for the record.

4          MS. BUSA:  Amy Busa for the United States.  Good

5   afternoon.

6          THE COURT:  Good afternoon.

7          MS. GRAZIANO:  Jean Marie Graziano for both

8   defendants, Your Honor.

9          THE COURT:  Good afternoon.  And you're Ms.

10  Dimichele?

11          DEFENDANT DIMICHELE:  Yes.

12          THE COURT:  And you're Mr. Garofalo?

13          DEFENDANT GAROFALO:  Yes.

14          THE COURT:  All right.  Good afternoon to both of

15  you.

16          Folks, you're both here because the grand jury has

17  charged each of you with -- in your case, Ms. Dimichele, two

18  crimes and in your case, Mr. Garofalo, three crimes and, Ms.

19  Dimichele, the crimes charged against you are linked to the

20  embezzlement of worker benefit funds and, Mr. Garofalo, you're

21  charged with the same crimes and also in addition, racketeering

22  and conspiracy.

23          Have you each had a chance to read the indictment

24  that sets forth the charges against you, Ms. Dimichele?

25          MS. GRAZIANO:  Your Honor, I've had a chance to

3

1   review it with them.  They haven't actually read it but we went

2   through each of the counts together.

3              THE COURT:  Okay.

4              MS. GRAZIANO:  And they both understand fully.

5              THE COURT:  Okay.  And do your clients waive a formal

6   public reading of the charges?

7              MS. GRAZIANO:  Yes, they waive a formal public

8   reading and they both would like to put in a not guilty plea.

9              THE COURT:  All right.  Now, before we go any further

10  there are a few things that I want to make sure are on the

11  record.

12             First, the Government has already informed me that

13  they have -- in another proceeding today that they have

14  contacted or attempted to contact each of the victims in this

15  case and I don't know if you were present in the court earlier

16  when I talked about my own history as a prosecutor in this

17  district.

18             MS. GRAZIANO:  Your Honor, I understand that you were

19  previously a prosecutor in this district and I no problem.

20             THE COURT:  Okay.  All right.  Now, there's one other

21  matter of sufficiency to the case against these two defendants

22  because, Ms. Graziano, you're representing both of them and is

23  it your intention or your understanding that they will engage

24  you to represent both of them throughout the case?

25             MS. GRAZIANO:  Your Honor, I've explained to them the

4

1  conflict issues and they've engaged me purely for the purposes

2  of today and a further bail application for Mr. Garofalo.

3          THE COURT: Okay. That's fine. Even with that

4  limited appearance though I think it's important and in fact

5  the Rules require that I discuss with you the danger of having

6  one attorney represent both of you even briefly and, believe

7  me, there have been cases where just having the same attorney

8  for two defendants in the case at this kind of proceeding right

9  at the start of the case can be a problem later.

10          One of the problems that can arise is that one of you

11  or the other will say something to the attorney that then

12  becomes useful for the other's case and the attorney then has a

13  conflict of interest in representing both of you and may have

14  to -- whoever she represents for the rest of the case, she may

15  have to withdraw.

16          So by having just the same attorney for today you may

17  find yourself without your attorney of choice later on. That's

18  one risk.

19          Another risk is however briefly you're both

20  represented by this attorney she is the only person who is

21  counseling both of you as to how you should proceed and one of

22  the choices that you may wish to consider is to go forward to

23  defend the case, pleading guilty, cooperating with the

24  Government including against co-defendants. Those are choices

25  that by their nature can affect your co-defendant's interests

5

1  and one attorney has inherently a problem for one attorney to

2  advise two different clients about that.

3          Ms. Dimichele, do you understand what I've just told

4  you?

5          DEFENDANT DIMICHELE:  Yes.

6          THE COURT:  Do you understand the risk that you're

7  taking by proceeding with your husband's attorney also

8  representing you?

9          DEFENDANT DIMICHELE:  Yes.

10          THE COURT:  Okay.  Mr. Garofalo, do you understand?

11          DEFENDANT GAROFALO:  Yes.

12          THE COURT:  Now, I will make available to each of you

13  -- before we go any further today I will make available to each

14  of you separate attorneys to advise you about whether you

15  should go forward just even for this limited proceeding with

16  the same attorney.  Do you understand that, Ms. Dimichele?

17          DEFENDANT DIMICHELE:  Yes.

18          THE COURT:  Do you wish to have a separate attorney

19  advise you?  Not to represent you but just to advise you about

20  whether to have independent counsel?

21          DEFENDANT DIMICHELE:  No.

22          THE COURT:  Okay.  Mr. Garofalo, do you understand

23  that?

24          DEFENDANT GAROFALO:  Yes.

25          THE COURT:  Do you wish to have independent counsel

6

1   on that issue?

2           DEFENDANT GAROFALO:  No.

3           THE COURT:  Okay.  Are you both willing to proceed

4   today with the same attorney recognizing that if a problem

5   comes up later because you had the same attorney today and

6   however long you retain her you won't be able to complain about

7   it later as having lost the right to have the effective

8   assistance of counsel.  You give up the possibility that you

9   can complain about that later.  Ms. Dimichele, do you

10  understand that?

11          DEFENDANT DIMICHELE:  Yes.

12          THE COURT:  You're willing to proceed?

13          DEFENDANT DIMICHELE:  Yes.

14          THE COURT:  Mr. Garofalo?

15          DEFENDANT GAROFALO:  Yes.

16          THE COURT:  You understand and you're willing to

17  proceed?

18          DEFENDANT GAROFALO:  Yes.

19          THE COURT:  All right.  Ms. Busa, is there anything

20  further you think I should inquire into for purposes of Rule

21  44(c)?

22          MS. BUSA:  No, Your Honor.

23          THE COURT:  All right.  Now, I want to make sure that

24  you both understand certain rights.

25          We've been talking about the fact that you're

7

1  represented by an attorney.  You each have the right to be

2  represented by an attorney.  Do you understand that, Ms.

3  Dimichele?

4            DEFENDANT DIMICHELE:  Yes.

5            THE COURT:  And Mr. Garofalo?

6            DEFENDANT GAROFALO:  Yes.

7            THE COURT:  And as we've been discussing you've both

8  retained the same attorney.  You should both understand that if

9  you find yourselves unable to afford private counsel the Court

10 will appoint counsel for each of you at no cost throughout the

11 case.  Ms. Dimichele, do you understand that?

12           DEFENDANT DIMICHELE:  Yes.

13           THE COURT:  Mr. Garofalo, do you?

14           DEFENDANT GAROFALO:  Yes.

15           THE COURT:  All right.  You both have the right not

16 to say anything.  I don't know if you said anything to the

17 Government so far, if you have you don't need to continue.  If

18 you decide later that you do wish to say something you can stop

19 at any time.  You must both understand is that anything that

20 either of you says can be used against you.  Do you understand

21 that, Ms. Dimichele?

22           DEFENDANT DIMICHELE:  Yes.

23           THE COURT:  Mr. Garofalo, do you understand that?

24           DEFENDANT GAROFALO:  Yes.

25           THE COURT:  Now, with respect to detention or

8

1  release, I understand there's an agreement -- oh, I'm sorry.

2  It's your request, Ms. Graziano, for Mr. Garofalo to hold over

3  the matter?

4           MS. GRAZIANO:  Hold over until Friday, Your Honor.

5           THE COURT:  Okay.  I'll enter a temporary order until

6  Friday at 11:00 a.m. before Judge Gold and I understand there's

7  an agreement with respect to Ms. Dimichele?

8           MS. GRAZIANO:  That's correct.

9           THE COURT:  Before bringing the sureties up do you

10  want to conclude the proceedings as to Mr. Garofalo?

11          MS. BUSA:  There's an application to exclude time

12  between now and March 24th.

13          THE COURT:  Oh, yes.  Okay.  Let's take care of that

14  with both defendants.

15          Normally, the Government would have seventy days to

16  start your trial now that you've been charged.  The Government

17  proposes that we don't count the time from now until March

18  24th, that's when you first appear before the trial judge,

19  against that time and that would essentially give the

20  Government an extra couple of weeks to start a trial and the

21  reasons for doing that would be to allow your attorney to have

22  plea negotiations with the Government without interfering with

23  her trial preparations.  Another reason would be that this is

24  apparently going to be a very complex case to prepare for and,

25  Ms. Graziano, your clients consent to the exclusion?

9

1          MS. GRAZIANO:  Yes, Your Honor, both clients consent.

2          THE COURT:  All right.  Do you both understand what I

3    just explained?

4          DEFENDANT DIMICHELE:  Yes.

5          DEFENDANT GAROFALO:  Yes.

6          THE COURT:  Do you have any questions about it?

7          DEFENDANT DIMICHELE:  No.

8          DEFENDANT GAROFALO:  No.

9          THE COURT:  Are you willing to have me give the

10   Government that extra time?

11         DEFENDANT GAROFALO:  Yes.

12         DEFENDANT DIMICHELE:  Yes.

13         THE COURT:  Okay.  Do you have a --

14         MS. BUSA:  I provided one.

15         THE COURT:  I can enter on the record it's been

16   excluded in any event as to co-defendants' voluntary -- on the

17   record my finding that's in the interests of justice to exclude

18   time from now until March 24th on the basis of complexity of

19   the case and the possibility of plea negotiations.

20         So with that why don't we take Mr. Garofalo back and

21   we can proceed with the sureties for Ms. Dimichele.

22                  (Pause in proceedings.)

23         THE COURT:  Ms. Graziano, do you have your sureties

24   in court?

25         MS. GRAZIANO:  Yes, I do.

10

1          THE COURT:  Why don't you bring them up.

2                    (Pause in proceedings.)

3          MS. GRAZIANO:  Your Honor, this is the parents of Ms.

4     Dimichele.

5          THE COURT:  But their names are DeMartino.

6          MS. GRAZIANO:  Yes, this is actually Alicia's

7     stepdad.

8          THE COURT:  I see.

9       (John DeMartino and Gretta DeMartino, Suretors, Sworn.)

10         THE CLERK:  Can you state your name for the record?

11         MR. DEMARTINO:  John DeMartino.

12         MS. DEMARTINO:  Gretta DeMartino.

13         THE COURT:  Mr. DeMartino, what is your relationship

14    with Ms. Dimichele?

15         MR. DEMARTINO:  I'm her stepdad.

16         THE COURT:  Okay.  And, Mrs. DeMartino?

17         MS. DEMARTINO:  Her mother.

18         THE COURT:  Her mother.  Okay.  Folks, Ms. Dimichele

19    is charged as you've heard and there's an agreement that she

20    should be released on a bond of $50,000.00.  Now, what that

21    means is she'll be at liberty until the case is resolved as

22    long as she obeys the conditions of her release.  If she

23    doesn't, then she'll owe the Government $50,000.00 and she

24    could be returned to custody but by signing the bond each of

25    you would agree to pay that same amount.  So whoever the

11

1   Government can get it from it will go to you as well.  Do you

2   understand that?

3          MR. DEMARTINO:  Yes, Your Honor.

4          MS. DEMARTINO:  Yes.

5          THE COURT:  And they could garnish your wages if you

6   had any to get that money.  Do you understand?

7          MR. DEMARTINO:  Yes.

8          MS. DEMARTINO:  Yes.

9          THE COURT:  All right.  So it's very important that

10  you understand the risk that you're taking by understanding the

11  conditions of Ms. Dimichele's release.  So I'm just going to

12  ask you to listen carefully while I explain that to her.

13         Ms. Dimichele, as you've heard I'll release you on a

14  bond of $50,000.00.  You'll be at liberty as long as you obey

15  the conditions that I set.  If you violate any one of these

16  conditions you could be remanded to custody and you would owe

17  the Government $50,000.00 and the Government could get that

18  money from you or from your mother and your stepfather by

19  garnishing their wages or your wages.  Do you understand that?

20         DEFENDANT DIMICHELE:  Yes.

21         THE COURT:  All right.  So you need to understand the

22  conditions of your release.

23         First, you must return to court every time the case

24  is called.  The only reason for you not to attend is if the

25  Court has explicitly told you you don't have to attend.  Do you

12

1   understand?

2           DEFENDANT DIMICHELE:  Yes.

3           THE COURT:  Second, you must not commit any crime

4   while you are on release.  If you commit a crime on release not

5   only will you violate the bond and you could be remanded to

6   custody but you could face additional charges for that conduct

7   and you could face increased punishment for committing a crime

8   on release.  Do you understand that?

9           DEFENDANT DIMICHELE:  Yes.

10          THE COURT:  Next.  I'm going to restrict your travel

11  to all of New York state, all of New Jersey and all of

12  Pennsylvania.  You must not go outside of those three states

13  without permission from the Court.  If you do it's a violation

14  of the bond.  Do you understand that?

15          DEFENDANT DIMICHELE:  Yes.

16          THE COURT:  All right.  Next.  You must not have a

17  passport.  So if you have a passport you must surrender it to

18  the Pretrial Services agency and you must not apply for a

19  passport while you're on release.  Do you understand that?

20          DEFENDANT DIMICHELE:  Yes.

21          THE COURT:  Now, next, I'm going to restrict who you

22  associate with and this is going to take some explanation, in

23  part because your husband is one of the co-defendants in this

24  case.  You must not have any contact or association with any

25  co-defendant in this case with the following exception;

13

1   obviously, you can contact and be associated with your husband

2   because he's your husband but any other co-defendant in this

3   case you must not meet with or associate with in any way at all

4   unless your attorney and the other defendants' attorney is

5   present for the meeting.  Do you understand that?

6            DEFENDANT DIMICHELE:  Yes.

7            THE COURT:  In addition, you must not have any

8   contacts directly or indirectly with anybody who has been

9   identified as a victim or a witness or anybody who is a victim

10  or a witness in this case.  Do you understand that?

11           DEFENDANT DIMICHELE:  Yes.

12           THE COURT:  Okay.  Now, obviously, your attorney can

13  contact potential witnesses to discuss their testimony if she

14  wants to but you, yourself, can't have any contact directly or

15  indirectly.  Do you understand that?

16           DEFENDANT DIMICHELE:  Yes.

17           THE COURT:  Okay.  Do you have any questions about

18  that part of the conditions for your release?

19           DEFENDANT DIMICHELE:  No.

20           THE COURT:  You're also going to be under the

21  supervision of our Pretrial Services agency.  They could visit

22  you at random at any time at your home or any place of work.

23  They can tell you to come to their office and you must go when

24  they tell you.  Do you understand that?

25           DEFENDANT DIMICHELE:  Yes.

14

1          THE COURT:  Do you have any questions at all about

2   any of the conditions of your release?

3          DEFENDANT DIMICHELE:  No.

4          THE COURT:  Are you willing to obey all of them?

5          DEFENDANT DIMICHELE:  Yes.

6          THE COURT:  All right.  Mr. and Mrs. DeMartino, did

7   you understand everything I told your daughter?

8          MR. DEMARTINO:  Yes.

9          MS. DEMARTINO:  Yes.

10         THE COURT:  All right.  Your stepdaughter, your

11  daughter.

12         Are you willing to abide by all those -- are you

13  willing to sign the bond with all those conditions?

14         MR. DEMARTINO:  Yes.

15         MS. DEMARTINO:  Yes.

16         THE COURT:  You two should understand this is

17  voluntary.  You don't have to do this if you don't want to and

18  if you decided not to do this there's no harm to you and I'll

19  simply go back to square one and figure out what should happen

20  with your daughter.  Also, you can change your mind later.

21  You're taking a risk of $50,000.00 here.  If you change your

22  mind and don't want to take that risk anymore, come back to

23  court and as soon as Ms. Dimichele shows up in court we can

24  take you off the bond and you're no longer at risk.

25         Finally, you've heard me explain a number of

15

1    conditions to help assure me that Ms. Dimichele will come back

2    to court and that she won't commit any crimes.  None of these

3    conditions will change unless you get the chance to decide

4    whether you want to take your name off the bond.  Do you

5    understand that?

6              MS. DEMARTINO:  Yes.

7              MR. DEMARTINO:  Yes.

8              THE COURT:  Ms. Graziano, please don't ask for a

9    modification of the bond without getting the consent of these

10   sureties first.

11             Any questions?

12                      [No verbal response.]

13             THE COURT:  Let's have everybody sign, please.

14                      [Pause in proceedings.]

15             THE COURT:  And is the Government content to have me

16   sign the release order at this point?

17             MS. BUSA:  Yes, Your Honor.

18             THE COURT:  Is there anything else?

19             MS. BUSA:  No, Your Honor.

20             THE COURT:  All right.  Thank you all.

21                      * * * * *

22

23

24

25

16

1                                    *  *  *  *  *

2           I certify that the foregoing is a transcript from an

3     electronic sound recording of the proceedings in the above-

4     entitled matter.

5

6                          _____

7                                    CARLA NUTTER

8

9     Dated:   March 17, 2010

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25