

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

```
AB:MT:sw                                    271 Cadman Plaza East
F.#2009R00195                               Brooklyn, New York  11201
Disc. 1
                                            March 23, 2010
```

**Via USPS and ECF**

All Defense Counsel

       Re:  United States v. James Bombino, <u>et al</u>.
            <u>Criminal Docket No. 10-147 (SLT)</u>

Dear Counsel:

      Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following discovery with respect to the above-captioned case.

      The items described below are located at First Choice Copy. You may obtain these items by contacting Joe Meisner at (718) 381-1480 x212, and referencing print order number **26044.**

**A.**    <u>DOCUMENTS AND OTHER TANGIBLE EVIDENCE</u>

      The government is in possession of tangible evidence which it may seek to introduce at trial.

| DX # | Description | Bates Range |
|---|---|---|
| 1 | HSBC Bank records pertaining to Kytel International Group, Inc. | 1-6417 |
| 2 | New York Community Bank records pertaining to DAS Disposal and Specchio Industries. | 6418-7383 |
| 3 | Northfork Bank records pertaining to Michael J. Persico, 8520 7th Avenue Food Corp., Dyker Park Hot Bagels, Inc. and Romantique Limousine Inc. | 7384-8307 |
| 4 | Atlantic Bank records pertaining to Hi-Tech International Communications, Inc., Kytel International Group, Inc., Kytel One, Inc. and Alicia DiMichele. | 8308-10700 |

| DX # | Description | Bates Range |
|---|---|---|
| 5 | Two CDs containing recorded conversations related to witness tampering charges against defendant Theodore Persico, Jr.in United States v. Theodore Persico, Jr., et al., 05 CR 351 (S-1)(CBA) | 10701-10702 |

**B.   STATEMENTS OF DEFENDANTS**

　　　Post arrest statements, to the extent any exist, and related materials will be forwarded under separate cover.

　　　To the extent that the defendants made any pre-arrest statements intercepted by government wiretaps or to confidential witnesses, please refer to Sections D and E of this letter (infra).

**C.   DEFENDANTS' PRIOR RECORD AND ARREST DOCUMENTS**

　　　Copies of the defendants' criminal history report and arrest documents will also be filed under separate cover.

**D.   TITLE III WIRETAP EVIDENCE**

　　　Prior to the defendants' arrest, the government conducted a court-ordered wiretap on cellular telephone number (347) 723-3133.

| DX # | Description | Bates Range |
|---|---|---|
| 6 | Affidavit and related documents in Support of an Order Authorizing the Interception of Wire Communications Occurring to and from a Cellular Telephone Assigned Telephone Number (347) 723-3133 | 10703-10788 |
| 7 | Affidavit and related documents in Support of a Renewal Order Authorizing the Interception of Wire Communications Occurring to and from a Cellular Telephone Assigned Telephone Number (347) 723-3133 | 10789-10875 |

　　　**1.   Documents Relating to Wiretaps**

　　　Draft transcripts of wiretap recordings will be provided to you if and when they are drafted upon counsels' joint

written representation that the draft transcripts may not be used for any purpose including, but not limited to, the cross-examination of any witness and the argument of any motion.

    **2.**  **Wiretap Recordings**

Discovery Exhibit 8 consists of eight CDs for this wiretap (Bates numbers 10876-10883), and one CD containing linesheets, (Bates number 10884).

**E.**  **CONSENSUAL RECORDINGS**

Prior to their arrests, the defendants were participants in various conversations which were recorded with the consent of confidential witnesses. The government is currently preparing copies of these recordings and will make them available as soon as possible.

**F.**  **REPORTS OF EXAMINATIONS AND TESTS**

The government will make available copies of reports of any examinations and tests conducted with respect to this case if and when they are generated.

**G.**  **EXPERT TESTIMONY**

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion.

**H.**  **OTHER MATERIALS**

The government is aware of and will comply with its obligation to produce exculpatory information or material within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

The government will furnish before trial any information or material regarding payments, promises or immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972), and Napue v. Illinois, 360 U.S. 264 (1959).

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

I.   **OTHER CRIMES, WRONGS, OR ACTS**

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

J.   **RECIPROCAL DISCOVERY**

**The Defendants' Required Disclosures**

The government hereby asserts its right to reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendants allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in any defendant's possession, custody, or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in any defendant's possession, custody, or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendants disclose at least forty-eight hours prior to the testimony, prior statements of witnesses who will be called by the defendants to testify, pursuant to Fed. R. Crim. P. 26.2.

The government also requests that the defendants disclose a written summary of testimony the defendants intend to use as evidence at trial under Rules 702, 703 and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of any defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

Pursuant to Fed. R. Crim. P. 12.1(a), the government hereby demands written notice, to be served within ten days of this demand, if any defendant intends to offer a defense of alibi.  The written notice shall state the specific place or

places at which the defendant claims to have been at the time of the alleged offenses, and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.  The offenses took place at the location, dates, and times specified in the Indictment.

  Please contact me if you have any questions or additional requests.

          Very truly yours,

          BENTON J. CAMPBELL
          United States Attorney

      By: /s/_____
         Samantha E. Ward
         Paralegal Specialist
         (718) 254-6142