JB:AB:MT/DPL
F.#2009R00195

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 04 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JAMES C. BOMBINO,
ALICIA DIMICHELE,
    also known as "Alicia
    Garofalo,"
EDWARD GAROFALO, JR.,
    also known as
    "Bobble" and
    "Tall Guy,"
MICHAEL D. SCIARETTA,
MICHAEL J. PERSICO,
THEODORE N. PERSICO, JR.,
    also known as
    "Skinny" and
    "Teddy,"
THOMAS PETRIZZO,
ANTHONY PREZA and
LOUIS ROMEO,

        Defendants.

- - - - - - - - - - - - - - - X

**S U P E R S E D I N G**
**I N D I C T M E N T**

Cr. No. <u>10-147 (S-1)(SLT)</u>
(T. 18, U.S.C., §§ 371, 664,
  981(a)(1)(C), 1346, 1349,
  1951(a), 1962(d), 1963,
  1963(a), 1963(m),
  2 and 3551 <u>et</u> <u>seq</u>.;
T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

    At all times relevant to this Indictment, unless otherwise indicated:

<u>The Enterprise</u>

    1.  The members and associates of the Colombo organized crime family of La Cosa Nostra (the "Colombo crime family") constituted an "enterprise," as defined in Title 18,

United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The Colombo crime family engaged in, and its activities affected, interstate and foreign commerce.  The Colombo crime family was an organized criminal group that operated in the Eastern District of New York and elsewhere.

2.    La Cosa Nostra operated through organized crime families.  Five of these crime families – the Bonanno, Colombo, Gambino, Genovese and Luchese crime families – were headquartered in New York City, and supervised criminal activity in New York, in other areas of the United States, and in some instances in other countries.  Another crime family, the Decalvacante crime family, also existed, operating principally in New Jersey but from time to time also in New York City.

3.    The ruling body of La Cosa Nostra, known as the "Commission," consisted of leaders from each of the crime families.  The Commission convened from time to time to decide certain issues affecting all of the crime families, such as rules governing crime family membership.

2

4.   The Colombo crime family had a hierarchy and structure.  The head of the Colombo crime family was known as the "boss."  The Colombo crime family boss was assisted by an "underboss" and a counselor known as a "consigliere."  Together, the boss, underboss and consigliere were the crime family's "administration."  With the assistance of the underboss and consigliere, the boss was responsible for, among other things, setting policy and resolving disputes within and between La Cosa Nostra crime families and other criminal groups.  The administration further supervised, supported, protected and disciplined the lower-ranking participants in the crime family. In return for their supervision and protection, the administration received part of the illegal earnings generated by the crime family.  Members of the Colombo crime family served in an "acting" rather than "official" capacity in the administration on occasion due to another administration member's incarceration or ill health, or for the purpose of seeking to insulate another administration member from law enforcement scrutiny.  Further, on occasion, the Colombo crime family was overseen by a "panel" of crime family members that did not include the boss, underboss and/or consigliere.

5.   Below the administration of the Colombo crime family were numerous "crews," also known as "regimes" and "decinas."  Each crew was headed by a "captain," also known as a

"skipper," "caporegime" and "capodecina."  Each captain's crew consisted of "soldiers" and "associates."  The captain was responsible for supervising the criminal activities of his crew and providing the crew with support and protection.  In return, the captain often received a share of the crew's earnings.

6.   Only members of the Colombo crime family could serve as a boss, underboss, consigliere, captain or soldier. Members of the crime family were referred to on occasion as "goodfellas" or "wiseguys," or as persons who had been "straightened out" or who had their "button."  Associates were individuals who were not members of the crime family, but who nonetheless engaged in criminal activity for, and under the protection of, the crime family.

7.   Many requirements existed before an associate could become a member of the Colombo crime family.  The Commission of La Cosa Nostra from time to time limited the number of new members that could be added to a crime family.  An associate was also required to be proposed for membership by an existing crime family member.  When the crime family's administration considered the associate worthy of membership, the administration then circulated the proposed associate's name on a list given to other La Cosa Nostra crime families, which the other crime families reviewed and either approved or disapproved. Unless there was an objection to the associate's membership, the

crime family then "inducted," or "straightened out," the
associate as a member of the crime family in a secret ceremony.
During the ceremony, the associate, among other things: swore
allegiance for life to the crime family above all else, even the
associate's own family; swore, on penalty of death, never to
reveal the crime family's existence, criminal activities and
other secrets; and swore to follow all orders issued by the crime
family boss, including swearing to commit murder if the boss
directed it.

<u>Methods and Means of the Enterprise</u>

8.   The principal purpose of the Colombo crime family
was to generate money for its members and associates.  This
purpose was implemented by members and associates of the families
through various criminal activities, including drug trafficking,
robbery, extortion, illegal gambling and loansharking.  The
members and associates of the families also furthered the
enterprise's criminal activities by threatening economic injury
and using and threatening to use physical violence, including
murder.

9.   Although the primary purpose of the Colombo crime
family was to generate money for its members and associates, the
members and associates at times used the resources of the
organized crime families to settle personal grievances and
vendettas, sometimes with the approval of higher-ranking members

of the family.  For those purposes, members and associates of the enterprise were asked and expected to carry out, among other crimes, acts of violence, including murder and assault.

10.  The members and associates of the Colombo crime family engaged in conduct designed to prevent government detection of their identities, their illegal activities and the location of proceeds of those activities.  That conduct included a commitment to murdering persons, particularly members or associates of organized crime families, who were perceived as potential witnesses against members and associates of the enterprise.

11.  Members and associates of the Colombo crime family often coordinated criminal activity with members and associates of other organized crime families.

The Defendants

12.  At various times, the defendant THEODORE N. PERSICO, JR., also known as "Skinny" and "Teddy," was a member of the administration, a captain, a soldier and an associate within the Colombo crime family.

13.  At various times, the defendant THOMAS PETRIZZO was a soldier within the Colombo crime family.

14.  At various times, the defendants JAMES C. BOMBINO, EDWARD GAROFALO, JR., also known as "Bobble" and "Tall Guy," and

MICHAEL J. PERSICO were associates within the Colombo crime family.

COUNT ONE
(Racketeering Conspiracy)

15.   The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

16.   In or about and between June 2003 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, EDWARD GAROFALO, JR., also known as "Bobble" and "Tall Guy," MICHAEL J. PERSICO, THEODORE N. PERSICO, JR., also known as "Skinny" and "Teddy," and THOMAS PETRIZZO, together with others, being persons employed by and associated with the Colombo crime family, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

17.   The pattern of racketeering activity through which the above-named defendants, together with others, agreed to conduct the affairs of the enterprise consisted of Racketeering Acts One through Ten, set forth below in paragraphs 18 through

53.   The defendants agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

<u>RACKETEERING ACT ONE</u>
(Embezzlement from Employee Benefit Funds)

18.   In or about and between June 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWARD GAROFALO, JR., together with others, did knowingly and intentionally embezzle, steal and unlawfully and willfully abstract and convert to his own use and the use of one or more others, credits, property and other assets of one or more employee welfare benefit plans and employee pension benefit plans subject to Title I of the Employee Retirement Income Security Act of 1974, to wit: the right to collect monies owed to welfare benefit plan and pension benefit plan funds operated on behalf of union laborers of the International Brotherhood of Teamsters, Local 282, contrary to Title 18, United States Code, Sections 664 and 2.

<u>RACKETEERING ACT TWO</u>
(Attempted Extortion - John Doe #1)

19.   In or about and between September 2004 and October 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWARD GAROFALO, JR., together with others, did knowingly and

intentionally attempt to steal property by extortion, in that the defendant, together with others, attempted to obtain property, to wit: money, from John Doe #1, an individual whose identity is known to the Grand Jury, by instilling in him a fear that one or more persons would cause physical injury to some person in the future, contrary to New York Penal Law Sections 155.40(2), 155.05(2)(e), 110.00 and 20.00.

RACKETEERING ACT THREE
(Conspiracy/Extortion - Columbus Construction)

20.   The defendants named below agreed to the commission of the following acts, any one of which alone constitutes Racketeering Act Three:

A.   New York State Law - Extortion Conspiracy

21.   In or about and between November 2004 and January 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EDWARD GAROFALO, JR. and THEODORE N. PERSICO, JR., together with others, did knowingly and intentionally conspire to steal property by extortion, in that the defendants and their coconspirators agreed to obtain property, to wit: money, from Columbus Construction, by instilling in one or more representatives of Columbus Construction a fear that one or more persons would cause physical injury to some person in the future and cause damage to property, contrary to New York Penal Law Sections 155.40(2), 155.05(2)(e) and 105.10.

22.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants EDWARD GAROFALO, JR. and THEODORE N. PERSICO, JR. committed and caused to be committed, among others, the following:

OVERT ACTS

a.   On or about December 9, 2004, THEODORE N. PERSICO, JR. spoke on the telephone to a representative of Columbus Construction.

b.   On or about December 22, 2004, EDWARD GAROFALO, JR spoke on the telephone to a representative of Columbus Construction.

B.   New York State Law - Extortion

23.   In or about and between December 2004 and January 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EDWARD GAROFALO, JR. and THEODORE N. PERSICO, JR., together with others, did knowingly and intentionally steal property by extortion, in that the defendants, together with others, obtained property, to wit: money, from Columbus Construction by instilling in one or more representatives of Columbus Construction a fear that one or more persons would cause physical injury to some person in the future and cause damage to property, contrary to New York Penal Law Sections 155.40(2), 155.05(2)(e) and 20.00.

10

C.   <u>Federal Law - Extortion Conspiracy</u>

24.   In or about and between November 2004 and January 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EDWARD GAROFALO, JR. and THEODORE N. PERSICO, JR., together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their coconspirators agreed to obtain property, to wit: money, with the consent of the owner of Columbus Construction, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, contrary to Title 18, United States Code, Section 1951(a).

D.   <u>Federal Law - Extortion</u>

25.   In or about and between December 2004 and January 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EDWARD GAROFALO, JR. and THEODORE N. PERSICO, JR., together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants, together with others, obtained property, to wit: money, with the consent of the owner of Columbus Construction, which consent was induced through

11

wrongful use of actual and threatened force, violence and fear,
contrary to Title 18, United States Code, Sections 1951(a) and 2.

RACKETEERING ACT FOUR
(Conspiracy/Attempted Extortion - John Doe #2)

26.   The defendants named below agreed to the
commission of the following acts, either one of which alone
constitutes Racketeering Act Four:

A.   New York State Law - Extortion Conspiracy

27.   In or about and between September 2007 and
February 2010, both dates being approximate and inclusive, within
the Eastern District of New York and elsewhere, the defendants
EDWARD GAROFALO, JR., MICHAEL J. PERSICO and THEODORE N. PERSICO,
JR., together with others, did knowingly and intentionally
conspire to steal property by extortion, in that the defendants
and their coconspirators agreed to obtain property, to wit:
money, from John Doe #2, an individual whose identity is known to
the Grand Jury, by instilling in him a fear that one or more
persons would cause physical injury to some person in the future
and cause damage to property, contrary to New York Penal Law
Sections 155.40(2), 155.05(2)(e) and 105.10.

28.   In furtherance of the conspiracy and to effect its
objectives, within the Eastern District of New York and
elsewhere, the defendants EDWARD GAROFALO, JR., MICHAEL J.

12

PERSICO and THEODORE N. PERSICO, JR. committed and caused to be committed, among others, the following:

<u>OVERT ACTS</u>

a.   In or about February 2008, MICHAEL J. PERSICO and THEODORE N. PERSICO, JR. agreed to contact members of the Gambino crime family to have John Doe #2 moved from the Gambino crime family to the Colombo crime family.

b.   In or about September 2008, THEODORE N. PERSICO, JR. met with a member of the Gambino crime family and arranged to have John Doe #2 moved from the Gambino crime family to the Colombo crime family.

c.   On or about November 11, 2008, EDWARD GAROFALO, JR. advised THEODORE N. PERSICO, JR. that if John Doe #2 did not compensate PERSICO, JR. for getting him moved to the Colombo crime family, then PERSICO, JR. should stop protecting John Doe #2 from members of the Gambino crime family.

B.   <u>New York State Law - Attempted Extortion</u>

29.   In or about and between September 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL J. PERSICO and THEODORE N. PERSICO, JR., together with others, did knowingly and intentionally attempt to steal property by extortion, in that the defendants, together with others, attempted to obtain property, to wit: money, from John Doe #2 by

13

instilling in him a fear that one or more persons would cause physical injury to some person in the future and cause damage to property, contrary to New York Penal Law Sections 155.40(2), 155.05(2)(e), 110.00 and 20.00.

### RACKETEERING ACT FIVE
(Embezzlement from Employee Benefit Funds)

30. In or about and between April 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and THEODORE N. PERSICO, JR., together with others, did knowingly and intentionally embezzle, steal and unlawfully and willfully abstract and convert to their own use and the use of one or more others, credits, property and other assets of one or more employee welfare benefit plans and employee pension benefit plans subject to Title I of the Employee Retirement Income Security Act of 1974, to wit: the right to collect monies owed to welfare benefit plan and pension benefit plan funds operated on behalf of union laborers of the International Brotherhood of Teamsters, Local 282, contrary to Title 18, United States Code, Sections 664 and 2.

### RACKETEERING ACT SIX
(Extortionate Extension of Credit - All Around Trucking)

31. In or about and between May 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants

14

MICHAEL J. PERSICO and THEODORE N. PERSICO, JR., together with others, did knowingly and intentionally make an extortionate extension of credit to James C. Bombino and Steven Marcus, contrary to Title 18, United States Code, Sections 892 and 2.

<u>RACKETEERING ACT SEVEN</u>
(Wire Fraud and Commercial Bribery - Testa Corporation)

32.  The defendants named below agreed to the commission of the following acts, any one of which alone constitutes Racketeering Act Seven:

A.    <u>Wire Fraud</u>

33.  In or about and between June 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, MICHAEL J. PERSICO, THEODORE N. PERSICO, JR. and THOMAS PETRIZZO, together with others, did knowingly and intentionally devise a scheme and artifice to defraud Testa Corporation, and to deprive Testa Corporation of its right to the honest and faithful services of MICHAEL D. SCIARETTA through kickbacks and the concealment of material information, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

34.  It was part of the scheme that defendants BOMBINO, PERSICO, PERSICO, JR. and PETRIZZO agreed that All Around Trucking, a company that BOMBINO, PERSICO and PERSICO, JR. controlled, would make cash kickback payments to an employee and

15

agent of Testa Corporation, to wit: MICHAEL D. SCIARETTA, in exchange for obtaining work as the carting subcontractor on Testa Corporation demolition jobs.  In particular, BOMBINO, PERSICO and PERSICO, JR. agreed to pay SCIARETTA 25 dollars in cash for every truckload of demolition debris that All Around Trucking removed from Testa Corporation demolition jobs.  BOMBINO, PERSICO and PERSICO, JR. concealed from Testa Corporation that All Around Trucking's invoices to Testa Corporation included the amount of the cash kickback payments.

35.  For the purpose of executing the scheme and artifice, the defendants BOMBINO, PERSICO, PERSICO, JR. and PETRIZZO, together with others, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, one or more writings, signs, signals and sounds, to wit: an e-mail between the defendant JAMES C. BOMBINO in New York and an employee of Testa Corporation in Massachusetts on October 29, 2009, contrary to Title 18, United States Code, Sections 1343, 1346 and 2.

B.    New York State Law - Commercial Bribery

36.  In or about and between June 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, MICHAEL J. PERSICO, THEODORE N. PERSICO, JR. and THOMAS PETRIZZO, together with others, did knowingly and

intentionally confer, and offer and agree to confer, a benefit, to wit: money, upon an employee, agent and fiduciary, to wit: MICHAEL D. SCIARETTA, without the consent of his employer and principal, to wit: Testa Corporation, with intent to influence MICHAEL D. SCIARETTA's conduct in relation to his employer's and principal's affairs, which benefit exceeded 1,000 dollars and caused economic harm to the employer and principal in an amount exceeding 250 dollars, contrary to New York Penal Law Sections 180.03 and 20.00.

    C.    <u>New Jersey State Law - Commercial Bribery</u>

        37.  In or about and between June 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, MICHAEL J. PERSICO, THEODORE N. PERSICO, JR. and THOMAS PETRIZZO, together with others, did knowingly and intentionally confer, and offer and agree to confer, a benefit, to wit: money exceeding 1,000 dollars, to MICHAEL D. SCIARETTA, as consideration for MICHAEL D. SCIARETTA knowingly violating and agreeing to violate a duty of fidelity to which he was subject as an agent, partner and employee of another, to wit: Testa Corporation, contrary to New Jersey Statute 2C:21-10 and 2C:2-6.

    D.    <u>New Jersey State Law - Commercial Bribery Conspiracy</u>

        38.  In or about and between June 2009 and February 2010, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants JAMES

C. BOMBINO, MICHAEL J. PERSICO, THEODORE N. PERSICO, JR. and

THOMAS PETRIZZO, together with others, did knowingly and

intentionally conspire to confer, and offer and agree to confer,

a benefit, to wit: money exceeding 1,000 dollars, to MICHAEL D.

SCIARETTA, as consideration for MICHAEL D. SCIARETTA knowingly

violating and agreeing to violate a duty of fidelity to which he

was subject as an agent, partner and employee of another, to wit:

Testa Corporation, contrary to New Jersey Statute 2C:21-10 and

2C:5-4.

RACKETEERING ACT EIGHT
(Extortion – Trucking Company Owner)

39.   The defendant named below agreed to the commission

of the following acts, either one of which alone constitutes

Racketeering Act Eight:

A.   New York State Law - Extortion

40.   In or about and between September 2009 and October

2009, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant JAMES

C. BOMBINO, together with others, did knowingly and intentionally

steal property by extortion, in that the defendant, together with

others, obtained property, to wit: money, from John Doe #3, the

owner of a trucking company whose identity is known to the Grand

Jury, by instilling in him a fear that one or more persons would

cause physical injury to some person in the future and cause

18

damage to property, contrary to New York Penal Law Sections 155.40(2), 155.05(2)(e) and 20.00.

B.   Federal Law - Extortion

41.   In or about and between September 2009 and October 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAMES C. BOMBINO, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant, together with others, obtained property, to wit: money, with the consent of John Doe #3, the owner of a trucking company whose identity is known to the Grand Jury, which consent was induced through wrongful use of actual and threatened force, violence and fear, contrary to Title 18, United States Code, Sections 1951(a) and 2.

RACKETEERING ACT NINE
(Extortion Conspiracy/Attempted Extortion - Furniture Store Owner)

42.   The defendants named below agreed to the commission of the following acts, any one of which alone constitutes Racketeering Act Nine:

A.   New York State Law - Extortion Conspiracy

43.   In or about and between September 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants

JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally conspire to steal property by extortion, in that the defendants and their coconspirators agreed to obtain property, to wit: money, from John Doe #4, the owner of a furniture store in Brooklyn, New York whose identity is known to the Grand Jury, by instilling in him a fear that one or more persons would cause physical injury to some person in the future and cause damage to property, contrary to New York Penal Law Sections 155.40(2), 155.05(2)(e) and 105.10.

44.    In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO committed and caused to be committed, among others, the following:

<u>OVERT ACTS</u>

a.    In or about December 2009, JAMES C. BOMBINO and MICHAEL J. PERSICO discussed repayment of the loans that BOMBINO and PERSICO had made to John Doe #4.

b.    In or about December 2009, MICHAEL J. PERSICO and JAMES C. BOMBINO met with John Doe #4.

c.    In or about December 2009, at the meeting involving MICHAEL J. PERSICO, JAMES C. BOMBINO and John Doe #4, BOMBINO stated that he would control the furniture store until John Doe #4 repaid the monies owed to BOMBINO and PERSICO.

d.   In or about December 2009, at the meeting involving MICHAEL J. PERSICO, JAMES C. BOMBINO and John Doe #4, PERSICO instructed John Doe #4 that he was required to accept BOMBINO's control of the furniture store until the debt was repaid.

B.   New York State Law - Attempted Extortion

45.   In or about and between September 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally attempt to steal property by extortion, in that the defendants, together with others, attempted to obtain property, to wit: money, from John Doe #4, the owner of the furniture store located in Brooklyn, New York, by instilling in him a fear that one or more persons would cause physical injury to some person in the future and cause damage to property, contrary to New York Penal Law Sections 155.40(2), 155.05(2)(e), 110.00 and 20.00.

C.   Federal Law - Extortion Conspiracy

46.   In or about and between September 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally conspire to obstruct, delay and

21

affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their coconspirators agreed to obtain property, to wit: money, with the consent of John Doe #4, the owner of the furniture store located in Brooklyn, New York, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, contrary to Title 18, United States Code, Section 1951(a).

      D.    <u>Federal Law - Attempted Extortion</u>

      47.   In or about and between September 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants, together with others, attempted to obtain property, to wit: money, with the consent of John Doe #4, the owner of the furniture store located in Brooklyn, New York, which consent was induced through wrongful use of actual and threatened force, violence and fear, contrary to Title 18, United States Code, Sections 1951(a) and 2.

<u>RACKETEERING ACT TEN</u>
(Extortion Conspiracy/Extortion - Testa Corporation)

      48.   The defendants named below agreed to the commission of the following acts, any one of which alone constitutes Racketeering Act Ten:

A.   <u>New York State Law - Extortion Conspiracy</u>

49.   In or about and between October 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, MICHAEL J. PERSICO and THOMAS PETRIZZO, together with others, did knowingly and intentionally conspire to steal property by extortion, in that the defendants and their coconspirators agreed to obtain property, to wit: money, from the owner of Testa Corporation, an individual whose identity is known to the Grand Jury, by instilling in him a fear that one or more persons would cause physical injury to some person in the future and cause damage to property, contrary to New York Penal Law Sections 155.40(2), 155.05(2)(e) and 105.10.

50.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, MICHAEL J. PERSICO and THOMAS PETRIZZO committed and caused to be committed, among others, the following:

OVERT ACTS

a.   On or about October 29, 2009, MICHAEL J. PERSICO instructed JAMES C. BOMBINO to call an employee of Testa Corporation and threaten Testa Corporation with economic harm if it did not pay monies to All Around Trucking.

23

   b.   In or about October 2009, JAMES C. BOMBINO
called an employee of Testa Corporation and threatened Testa
Corporation with economic harm if it did not pay monies to All
Around Trucking.

   B.   <u>New York State Law - Extortion</u>

   51.   In or about and between October 2009 and December
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants JAMES
C. BOMBINO, MICHAEL J. PERSICO and THOMAS PETRIZZO, together with
others, did knowingly and intentionally steal property by
extortion, in that the defendants, together with others, obtained
property, to wit: money, from the owner of Testa Corporation by
instilling in him a fear that one or more persons would cause
physical injury to some person in the future and cause damage to
property, contrary to New York Penal Law Sections 155.40(2),
155.05(2)(e), 110.00 and 20.00.

   C.   <u>Federal Law - Extortion Conspiracy</u>

   52.   In or about and between October 2009 and December
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants JAMES
C. BOMBINO, MICHAEL J. PERSICO and THOMAS PETRIZZO, together with
others, did knowingly and intentionally conspire to obstruct,
delay and affect commerce, and the movement of articles and
commodities in commerce, by extortion, in that the defendants and

24

their coconspirators agreed to obtain property, to wit: money, with the consent of the owner of Testa Corporation, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, contrary to Title 18, United States Code, Section 1951(a).

       D.    <u>Federal Law - Extortion</u>

       53.  In or about and between October 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, MICHAEL J. PERSICO and THOMAS PETRIZZO, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants, together with others, obtained property, to wit: money, with the consent of the owner of Testa Corporation, which consent was induced through wrongful use of actual and threatened force, violence and fear, contrary to Title 18, United States Code, Sections 1951(a) and 2.

       (Title 18, United States Code, Sections 1962(d), 1963 and 3551 <u>et</u> <u>seq</u>.)

<u>COUNT TWO</u><br>(Conspiracy to Embezzle from Employee Benefit Plans)

       54.  The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

25

55.   In or about and between June 2003 and June 2005,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants ALICIA
DIMICHELE, also known as "Alicia Garofalo," and EDWARD GAROFALO,
JR., also known as "Bobble" and "Tall Guy," together with others,
did knowingly and willfully conspire to embezzle, steal and
unlawfully and willfully abstract and convert to their own use
and the use of one or more others, credits, property and other
assets of one or more employee welfare benefit plans and employee
pension benefit plans subject to Title I of the Employee
Retirement Income Security Act of 1974, to wit: the right to
collect monies owed to welfare benefit plan and pension benefit
plan funds operated on behalf of union laborers of the
International Brotherhood of Teamsters, Local 282, contrary to
Title 18, United States Code, Section 664.

56.   In furtherance of the conspiracy and to effect its
objectives, within the Eastern District of New York and
elsewhere, the defendants ALICIA DIMICHELE and EDWARD GAROFALO,
JR. committed and caused to be committed, among others, the
following:

<u>OVERT ACTS</u>

a.   On or about November 24, 2004, the defendants
ALICIA DIMICHELE and EDWARD GAROFALO, JR. submitted and caused to
be submitted a false invoice to Company #1 located in Long

Island, New York, a company whose identity is known to the Grand Jury.

b.   On or about November 24, 2004, the defendants ALICIA DIMICHELE and EDWARD GAROFALO, JR. submitted and caused to be submitted a false shop steward report to the International Brotherhood of Teamsters, Local 282, located in Long Island, New York.

c.   On or about March 24, 2005, the defendants ALICIA DIMICHELE and EDWARD GAROFALO, JR. submitted and caused to be submitted a false invoice to Company #2 located in Long Island, New York, a company whose identity is known to the Grand Jury.

d.   On or about April 1, 2005, the defendants ALICIA DIMICHELE and EDWARD GAROFALO, JR. submitted and caused to be submitted a false shop steward report to the International Brotherhood of Teamsters, Local 282.

e.   On or about April 8, 2005, the defendants ALICIA DIMICHELE and EDWARD GAROFALO, JR. submitted and caused to be submitted a false invoice to Company #1.

f.   On or about April 8, 2005, the defendants ALICIA DIMICHELE and EDWARD GAROFALO, JR., submitted and caused

to be submitted a false shop steward report to the International
Brotherhood of Teamsters, Local 282.

(Title 18, United States Code, Sections 371 and 3551 <u>et
seq</u>.)

COUNT THREE
(Embezzlement from Employee Benefit Plans)

57.  The allegations in paragraphs 1 through 14 are
realleged and incorporated as if fully set forth in this
paragraph.

58.  In or about and between June 2003 and June 2005,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants ALICIA
DIMICHELE, also known as "Alicia Garofalo," and EDWARD GAROFALO,
JR., also known as "Bobble" and "Tall Guy," together with others,
did knowingly and intentionally embezzle, steal and unlawfully
and willfully abstract and convert to their own use and the use
of one or more others, credits, property and other assets of one
or more employee welfare benefit plans and employee pension
benefit plans subject to Title I of the Employee Retirement
Income Security Act of 1974, to wit: the right to collect monies
owed to welfare benefit plan and pension benefit plan funds
operated on behalf of union laborers of the International
Brotherhood of Teamsters, Local 282.

(Title 18, United States Code, Sections 664, 2 and 3551
<u>et seq</u>.)

28

COUNT FOUR
(Conspiracy to Embezzle from Employee Benefit Plans)

59.   The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

60.   In or about and between April 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and THEODORE N. PERSICO, JR., also known as "Skinny" and "Teddy," together with others, did knowingly and willfully conspire to embezzle, steal and unlawfully and willfully abstract and convert to their own use and the use of one or more others, credits, property and other assets of one or more employee welfare benefit plans and employee pension benefit plans subject to Title I of the Employee Retirement Income Security Act of 1974, to wit: the right to collect monies owed to welfare benefit plan and pension benefit plan funds operated on behalf of union laborers of the International Brotherhood of Teamsters, Local 282, contrary to Title 18, United States Code, Section 664.

61.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and THEODORE N.

PERSICO, JR. committed and caused to be committed, among others, the following:

OVERT ACTS

a.    On or about April 1, 2009, THEODORE N. PERSICO, JR., and JAMES C. BOMBINO caused All Around Trucking to enter into a Collective Bargaining Agreement with union laborers of the International Brotherhood of Teamsters, Local 282.

b.    On or about June 1, 2009, JAMES C. BOMBINO caused to be submitted a false remittance report form to the Welfare, Pension, Annuity, Job Training & Vacation/Sick Leave Trust Funds of the union laborers of the International Brotherhood of Teamsters, Local 282.

c.    On or about September 24, 2009, JAMES C. BOMBINO caused to be submitted a false remittance report form to the Welfare, Pension, Annuity, Job Training & Vacation/Sick Leave Trust Funds of the union laborers of the International Brotherhood of Teamsters, Local 282.

d.    On or about December 31, 2009, JAMES C. BOMBINO caused to be submitted a false remittance report form to the Welfare, Pension, Annuity, Job Training & Vacation/Sick Leave Trust Funds of the union laborers of the International Brotherhood of Teamsters, Local 282.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

<u>COUNT FIVE</u>
(Embezzlement from Employee Benefit Plans)

62.   The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

63.   In or about and between April 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and THEODORE N. PERSICO, JR., also known as "Skinny" and "Teddy," together with others, did knowingly and intentionally embezzle, steal and unlawfully and willfully abstract and convert to their own use and the use of one or more others, credits, property and other assets of one or more employee welfare benefit plans and employee pension benefit plans subject to Title I of the Employee Retirement Income Security Act of 1974, to wit: the right to collect monies owed to welfare benefit plan and pension benefit plan funds operated on behalf of union laborers of the International Brotherhood of Teamsters, Local 282.

(Title 18, United States Code, Sections 664, 2 and 3551 <u>et</u> <u>seq</u>.)

31

COUNT SIX
(Collection of Unlawful Debt Conspiracy)

64.   The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

65.   In or about and between May 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL J. PERSICO and THEODORE N. PERSICO, JR., also known as "Skinny" and "Teddy," together with others, being persons employed by and associated with the Colombo crime family, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through the collection of unlawful debt, as that term is defined in Title 18, United States Code, Section 1961(6), to wit: a debt that was unenforceable under New York State law, to wit: New York Penal Law Section 190.40, in whole and in part as to principal and interest because of the law relating to usury, and was incurred in connection with the business of lending money and one

or more things of value at a rate usurious under New York State law, where the usurious rate was at least twice the enforceable rate.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT SEVEN
(Extortionate Extension of Credit - All Around Trucking)

66.  The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

67.  In or about and between May 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL J. PERSICO and THEODORE N. PERSICO, JR., together with others, did knowingly and intentionally make an extortionate extension of credit to James C. Bombino and Steven Marcus.

(Title 18, United States Code, Sections 892, 2 and 3551 et seq.)

COUNT EIGHT
(Financing an Extortionate Extension of Credit)

68.  The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

69.  On or about and between June 8, 2009 and June 9, 2009, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant ANTHONY PREZA, did knowingly and willfully advance money and property, to wit: $100,000, to another person, to wit: CJP Development on behalf of MICHAEL J. PERSICO, with reasonable grounds to believe that it was the intention of MICHAEL J. PERSICO to use the money and property so advanced directly and indirectly for the purpose of making extortionate extensions of credit, within the meaning of Title 18, United States Code, Section 891.

(Title 18, United States Code, Sections 893, 2 and 3551 et seq.)

## COUNT NINE
### (Wire Fraud Conspiracy)

70.   The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

71.   In or about and between June 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, MICHAEL D. SCIARETTA, MICHAEL J. PERSICO, THEODORE N. PERSICO, JR., also known as "Skinny" and "Teddy," THOMAS PETRIZZO and LOUIS ROMEO, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud Testa Corporation, and to deprive Testa Corporation of its right to the honest and faithful services of MICHAEL D. SCIARETTA through kickbacks and the concealment of material information,

34

and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals and sounds, contrary to Title 18, United States Code, Section 1343.

72.   It was part of the conspiracy that defendants BOMBINO, PERSICO, PERSICO, JR., PETRIZZO, ROMEO and SCIARETTA agreed that All Around Trucking, a company that BOMBINO, PERSICO and PERSICO, JR. controlled, would make cash kickback payments to an employee and agent of Testa Corporation, to wit: MICHAEL D. SCIARETTA, in exchange for obtaining work as the carting subcontractor on Testa Corporation demolition jobs.   In particular, BOMBINO, PERSICO and PERSICO, JR. agreed to pay SCIARETTA 25 dollars in cash for every truckload of demolition debris that All Around Trucking removed from Testa Corporation demolition jobs.   BOMBINO, PERSICO and PERSICO, JR. concealed from Testa Corporation that All Around Trucking's invoices to Testa Corporation included the amount of the cash kickback payments.

(Title 18, United States Code, Sections 1349, 1346 and 3551 et seq.)

<u>COUNT TEN</u>
(Extortion - Trucking Company Owner)

73.  The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

74.  In or about and between September 2009 and October 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAMES C. BOMBINO, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants, together with others, obtained property, to wit: money, with the consent of John Doe #3, the owner of a trucking company, which consent was induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 <u>et</u> <u>seq</u>.)

<u>COUNT ELEVEN</u>
(Extortion Conspiracy – Furniture Store Owner)

75.  The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

76.  In or about and between September 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants

JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their coconspirators agreed to obtain property, to wit: money, with the consent of John Doe #4, the owner of the furniture store located in Brooklyn, New York, which consent was to be induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

                            COUNT TWELVE
             (Attempted Extortion - Furniture Store Owner)

77.  The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

78.  In or about and between September 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others attempted to obtain property, to wit: money, with the consent of John Doe #4, the owner of the furniture store located in

                                37

Brooklyn, New York, which consent was induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 <u>et</u> <u>seq</u>.)

COUNT THIRTEEN
(Extortion Conspiracy – Testa Corporation)

79.   The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

80.   In or about and between October 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, MICHAEL J. PERSICO and THOMAS PETRIZZO, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their coconspirators agreed to obtain property, to wit: money, with the consent of the owner of Testa Corporation, which consent was to be induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 <u>et</u> <u>seq</u>.)

38

## COUNT FOURTEEN
### (Extortion - Testa Corporation)

81.   The allegations in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

82.   In or about and between October 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, MICHAEL J. PERSICO and THOMAS PETRIZZO, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants, together with others, obtained property, to wit: money, with the consent of the owner of Testa Corporation, which consent was induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND SIX

83.   The United States hereby gives notice to the defendants charged in Counts One and Six, that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), for which each defendant is jointly and severally liable: (a) any interest acquired or maintained contrary to Title 18, United States Code, Section 1962; (b) any interest in, security of,

claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in any violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection contrary to Title 18, United States Code, Section 1962. The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 1963(a)(1), 1963(a)(2), and 1963(a)(3), include, but are not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses in Counts One and Six.

84.   If any of the property described above, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH FIVE AND COUNTS SEVEN THROUGH FOURTEEN

85.   The United States hereby gives notice to the defendants charged in Counts Two through Five and Counts Seven through Fourteen of the Indictment that, upon conviction of any of the respective offenses charged in Counts Two through Five and Counts Seven through Fourteen in which they are named, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), for which each defendant is jointly and severally liable, of any property, real or personal, which constitutes or is derived from proceeds traceable to any such offenses, including but not limited to a sum of money representing the amount of proceeds obtained as a result of any such offense.

86.   If any of the property described above, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

42

F. #2009R1506
FORM DBD-34

JUN. 85

No. 10-147 (S-1) (SLT)

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

vs.

JAMES C. BOMBINO, ALICIA DIMICHELE, also known as "Alicia Garofalo," EDWARD GAROFALO, JR.,
also known as "Bobble" and "Tall Guy," MICHAEL D. SCIARETTA, MICHAEL J. PERSICO, THEODORE N. PERSICO, JR.,
also known as "Skinny" and "Teddy," THOMAS PETRIZZO, ANTHONY PREZA and LOUIS ROMEO,

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 371, 664, 981(a)(1)(C), 1346, 1349, 1951(a), 1962(d), 1963, 1963(a), 1963(m),
2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

A true bill.

_____
                        Foreman

Filed in open court this _____ _____ day,

of _____ A.D. 20 _____

_____
                           Clerk

Bail, $ _____

*Michael Tremonte, Assistant U.S. Attorney (718-254-6389)*