# LAW OFFICES
# JOHN S. WALLENSTEIN
### 1100 FRANKLIN AVENUE
### GARDEN CITY, NEW YORK 11530
### (516) 742-5600   FAX (516) 742-5040
### Email: JSWallensteinEsq@aol.com

September 11, 2011

**VIA ECF**
Hon. Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Bombino, *et al*
             10 CR 147 (S-2)(SLT)
             Defendant Alicia DiMichele

Dear Judge Townes;

      This letter memorandum is respectfully submitted in further support of the pending motion made by prior counsel for Defendant Alicia DiMichele for a severance of her trial from the other defendants in this case. In order to avoid repetition and wasting this Court's valuable time, I hereby adopt and incorporate the arguments submitted by Michael L. Macklowitz, Esq., in his motion dated March 28, 2011, and the arguments submitted by Steve Zissou, Esq., dated June 27, 2011, in support of the motion. Specifically, this letter memorandum addresses the issue of so-called "spillover prejudice" which will result from the trial of Alicia DiMichele jointly with the other defendants herein. Briefly, as the issue has already been placed before the Court, it should be noted that Ms. DiMichele is not charged in the RICO conspiracy charged in the Superseding Indictment, but her husband, co-defendant Edward Garofalo, is so charged. The significance of this state of affairs is that Ms. DiMichele and Mr. Garofalo are both charged with conspiring to embezzle funds from various union welfare and benefit plans, and with that substantive crime. By contrast,

1

the RICO conspiracy involves a large number of defendants and unindicted co-conspirators, charged with various crimes of violence, including murder conspiracy and extortion. Notably, not only is Ms. DiMichele not charged with any of those crimes, but the inverse is also true: none of the other defendants except her husband are charged with participating in the embezzlement counts.

While it is true that there is a preference in the Federal system for joint trials, *see, Zafiro v. United States* 506 U.S. 534 (1993), that preference must yield when the Court finds that a joint trial would result in severe prejudice, after consideration of factors which bear on the severance issue. "Among the factors the court must consider in determining whether the prejudice of a joint trial rises to the level of a "miscarriage of justice" are the following: the number of defendants and the number of counts; the complexity of the indictment; the estimated length of the trial; disparities in the amount or type of proof offered against the defendants; disparities in the degrees of involvement by defendants in the overall scheme; possible conflict between various defense theories or trial strategies; and, ***especially, prejudice from evidence admitted only against co-defendants but which is inadmissible or excluded as to a particular defendant***" (emphasis added) *United States v. Gallo,* 668 F. Supp. 736 (EDNY, 1987)(Weinstein, Ch. J.) In the case at bar, the fact that Alicia DiMichele is charged only with embezzlement and conspiracy, and is not charged in any of the RICO counts or underlying crimes, is particularly compelling.

Given the presumption in favor of joinder, the Second Circuit has held that a defendant must establish a risk of prejudice that is "sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Walker, 142 F.3d 103, 110 (2d Cir. 1998).* Among the factors to be weighed to determine prejudice are:

>(1) the number of defendants and the number of counts; (2) the complexity of the indictment; (3) the estimated length of the trial; (4) disparities in the degrees of involvement by defendants in the overall scheme; (5) possible conflict between various defense theories; and (6) prejudice resulting from evidence admissible as to some defendants, but not others.

*United States v. Ramos*, 346 F. Supp. 2d 567, 570 (S.D.N.Y. 2004), *citing United States v. Gallo, supra.* While "none of these factors is dispositive, each is intended to provide guidance as to whether a jury will be capable of considering the evidence as to each defendant separately, independent of evidence against co-defendants." *Ramos*, 346 F. Supp. 2d at 570 (citing *Gallo*, 668 F. Supp. at 749).

*United States v. Bellomo*, 954 F. Supp. 630 (SDNY, 1997*),* another "organized crime" RICO case, involved a substantial number of defendants, many of whom were indicted for acts unrelated to the charged RICO conspiracy and the underlying acts. In granting a motion by several non-RICO defendants to sever their trial from the RICO defendants, Judge Kaplan noted that "absent severance, these defendants would face a lengthy trial that would include evidence of a RICO enterprise in which none of them is charged with participating. This evidence might prejudice these defendants significantly because the trial would include a great deal of evidence about an organized crime enterprise and its operations which would not be presented at a separate trial and which is not alleged to have been a part of their criminal activity. Thus, there is clear potential for spillover prejudice in this case. Nor … is there any reason to subject these defendants to a lengthy RICO trial, much of which will have nothing to do with them."

Both Judge Kaplan and Judge Weinstein might well have been writing about this case when they penned their opinions; Alicia DiMichele will clearly be subject to spillover prejudice because of the myriad of charges against the

the other defendants and the sheer volume of evidence. As of the Government's latest document production, there are somewhere between 4,000 and 5,000 hours of tape recorded conversations, as well as thousands of pages of documents, the vast majority of which has nothing to do with her, and would not be admissible at a separate trial. However, because her husband is charged with other crimes and may be implicated in the evidence inadmissible against her, the resulting prejudice to her will simply be too much to overcome, and no limiting instructions will be sufficient. Not only will she have to contend with a mountain of evidence irrelevant as to her, the very fact that her husband is charged in other crimes will serve to prejudice her. A jury is quite likely to conclude that since <u>her husband</u> is allegedly involved in other crimes, and she is charged with acting in a conspiracy with him, she must have known of his criminal activities and shared in the criminal intent the government is required to prove. This is classic "spillover prejudice", and the family relationship between Alicia and Edward Garofalo is of significantly more consequence than the typical multi-defendant case. It is quite difficult for jurors to separate defendants charged with conspiracy in a run-of-the-mill case. In the case of spouses, it is well nigh impossible, and requires separate trials to insure fairness and due process.

One of the most compelling reasons for granting severance is the fact that her husband and codefendant will supply exculpatory evidence in a separate trial. As Mr. Zissou notes in his memorandum, the Second Circuit's decision in *United States v. Finkelstein,* 526 F. 2nd 517 (2nd Circuit, 1975) is particularly instructive and, indeed, controlling. Edward Garofalo has submitted an affidavit in which he unequivocally states that he will testify on behalf of his wife, and will provide evidence of her lack of knowledge and intent with respect to the charged conspiracy and underlying substantive crime. This evidence is unavailable anywhere else, since he is the only person in a position to testify with regard to the operations of the business; the government's argument that either Steven Marcus or Anthony O'Donnell would testify on her

behalf, or even be available to her, is absurd on its face. Mr. Zissou adequately discusses this issue, and I will not burden the Court by repeating the argument here.

Applying the four factor test described in *Finkelstein, supra,* it is crystal clear that all of the equities are on the side of severance and a separate trial for Alicia DiMichele. First, Edward Garofalo has submitted an affidavit unequivocally promising to testify at a separate trial, and to waive his Fifth Amendment privilege. Second, his testimony, offered from the unique perspective of her husband who participated in the operation of the business, cannot be cumulative by any stretch of the imagination. Third, while judicial economy is important, under the circumstances here, as previously detailed, such consideration must yield to the right of Ms. DiMichele to a fair trial and due process of law. Finally, although Garofalo's testimony would be subject to cross-examination and possible impeachment, (as would the testimony of any other witness) he is no less likely to be persuasive than the two witnesses the government has proposed as substitutes, Marcus and O'Donnell, who bear the burden of being government cooperators or defendants in additional indictments.

It is respectfully submitted that there is another significant reason to sever the trial of Alicia DiMichele from the other defendants. The government estimated a six to eight week trial prior to the latest Superseding Indictment, which added defendants and RICO predicate acts. The addition of those defendants and charges, with the accompanying additional discovery, will undoubtedly lengthen an already long trial. Ms. DiMichele resides in southern New Jersey, a two to three hour drive from the Courthouse in each direction, and has three young children at home for whom she is the sole caregiver, as her husband is incarcerated. Even were he to be released on bond, both would need to be present in court each day for the entire duration of the trial. The impact of their absence on the children is something the Court may consider,

akin to the consideration given to the effect of incarceration on innocent family members under the Sentencing Guidelines. Indeed, judges in this District have permitted husband and wife defendants to serve prison sentences in a staggered fashion to ensure that minor children have at least one parent at home while the other is incarcerated.

The only appropriate resolution of all the factors and circumstances herein is to sever the trial of Alicia DiMichele from that of the other defendants, and to conduct a separate trial for her. That trial would last approximately a week, and would not significantly burden the Court or the Government; the evidence to be presented to attempt to sustain the charges against her has nothing to do with the RICO counts or conspiracy, and *vice versa*. Therefore, severance would not result in a situation where the government would have to present the same evidence at two separate trials, and in fact it would shorten the RICO trial as well.

For all of the foregoing reasons, as well as those set forth in the motion papers previously submitted by Messrs. Macklowitz and Zissou, I respectfully urge the Court to grant Alicia DiMichele's motion for a separate trial pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure.

Thank you for your consideration.

Respectfully yours,

/s/*John S. Wallenstein*

JOHN S. WALLENSTEIN

JSW/hs

cc: AUSA Rachel Nash (via ECF)
All defense counsel (via ECF)
Alicia DiMichele (via email)